ROST
*vs.*
THE CHURCH
OF ST. FRANCIS.

---

Where an act of the legislature revives another which has previously expired; the latter is only in force from the date of the former.

## ROST vs. THE CHURCH OF ST. FRANCIS.

APPEAL from the court of the sixth district.

MATHEWS, J. delivered the opinion of the court. This is a suit, instituted against a corporation or body politic to obtain remuneration, for the damage which the plaintiff alleges he has suffered by the negligence of the officers of said corporation; which caused the conflagration of their house of worship, from whence fire was communicated to a house occupied by him, and consumed his property to the value of two thousand dollars. Service of the petition and citation was made on Joseph Tangin, as president of the church wardens and head of the corporation, who answered by pleading in abatement and also the general issue. The plea in abatement was that the respondent was not at the time of the alleged conflagration, nor at any time since, either president of the church-wardens, or a warden; as no such officers were at that time in existence, nor have been since elected by the congregation.

This plea being overruled by the district court, and the plaintiff having obtained judgment on a trial of the cause on its merits, the defendants appealed.

From the view which we have taken of the case, and are now about to express, it will be seen, that no necessity exists to consider and examine it farther, than in relation to the first means of defence.

The members of the church against which the present suit is commenced, were created a *body politic*, by an act of the legislature, passed on the 10th of February, 1813, by which its duration was limited to ten years; consequently it expired with the 10th of February, 1823: but was revived by an act passed on the 17th of March of the same year. The evidence shews that the conflagration complained of took place, on the 29th of the last mentioned month and year.

It cannot be doubted that no corporation existed from the 10th of February, to the 17th of March, in the year 1823. The body was extinct in consequence of the express limitation imposed on it by the creating power. The officers attached to it ceased to exist with the corporation; and consequently the officers were *functi officio.* Had matters remained in this situation, it is evident that the whole congregation could not have been regularly pursued by a citation on officers who no longer represented it, in any manner.

West.n District
*Sept.* 1824.

Rost
*vs.*
THE CHURCH
OF ST.FRANCIS.

The only question in which any difficulty of solution is found, is that which arises out of the act of revival. Was it so powerfully retroactive as to bring again into life the body politic, together with its officers? We think not.

The rule that laws ought not to have a retrospective operation, is well founded in justice and reason; and should only from great necessity suffer exceptions. An act of revival brings into life some law that previously existed and had expired; and the living law may operate pàrtially if such be its provisions, or entirely; as in the present case, the former act having been declared by legislative power to be again in force, without limitation or restriction. But this new life is presumed to be given only from the date of the surviving law. It is an existence *de novo*, and after that, the privileges and powers granted by it must be claimed and enforced in the same manner as they were in the beginning under the old law. The act of 1823 gave to the congregation a right to elect church-wardens, &c. but did not continue in office those who had been appointed under the former act, which had expired, and with it the officers thereby created. From this view of the cause, it is clear, that the petition and cita-

tion have been served on a person who did not at the time of service, in any manner represent the corporation.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled: and it is further ordered, that the cause be remanded to be proceeded in according to law, and that the appellee pay the costs of this appeal.

*Bullard* for the plaintiff, *Baldwin* & *Deblieux* for the defendants.